```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
                        ------------------------------x

                        UNITED STATES OF AMERICA,

                                    v.                          16 Cr. 370 (CM)

                        GAVIN BLACK,

                                    Defendant.

                        ------------------------------x

                                                                New York, N.Y.
                                                                September 8, 2016
                                                                10:55 a.m.


                        Before:

                                        HON. COLLEEN MCMAHON,

                                                                District Judge


                                              APPEARANCES

                        PREET BHARARA
                             United States Attorney for the
                             Southern District of New York
                        ALISON ANDERSON
                        RICHARD POWERS
                        CAROL SIPPERLY
                             Assistant United States Attorney

                        LEVINE LEE, LLP
                             Attorneys for Defendant
                        SETH LEVINE
                        JILLIAN BERMAN
                        AARON KARP
```

1                THE DEPUTY CLERK:  Judge, this is 16 Cr. 370.  United
2     States of America versus Gavin Black.
3                Your appearances.
4                MS. ANDERSON:  Good morning, your Honor.  Alison
5     Anderson, along with my colleagues Richard Powers and Carol
6     Sipperly for the government.
7                THE COURT:  Good morning.
8                MR. LEVINE:  Good morning.  Seth Levine, Jillian
9     Berman and Aaron Karp for the defendant.  This is Mr. Black.
10               THE COURT:  Good morning, sir.  Have a seat.
11               What do we need to do today?
12               MS. ANDERSON:  Your Honor, we're here for the initial
13    appearance of Mr. Black on the superceding indictment in which
14    he was alleged to have been involved in a conspiracy to
15    fraudulently manipulate the LIBOR rate in order to benefit his
16    and his coconspirator's trading positions.
17               THE COURT:  I have in front of me an affidavit of
18    waiver of extradition?
19               MS. ANDERSON:  Yes, your Honor.
20               THE COURT:  He's here.
21               MS. ANDERSON:  He is here, so he is voluntarily
22    waiving his rights to extradition and appearing at his initial
23    appearance.
24               THE COURT:  Counsel?
25               MR. LEVINE:  Yes, your Honor.

1              THE COURT:  Obviously, he's waived extradition because
2    he's sitting in front of me.  He's not in the UK.
3              MR. LEVINE:  Yes, your Honor.  As we have been working
4    on this process, and since even before the indictments came
5    down, Mr. Black is here voluntarily.  He has worked out the
6    waiver that is before you that includes both the waiver of
7    extradition pursuant to the terms of that waiver along with an
8    agreed-upon bail package with the government, and all of that
9    is before you as well as the need for the arraignment on the
10   superceding indictment.
11             THE COURT:  Okay.  Let's start with this.
12             Good morning, Mr. Black.  How are you?  I'm Judge
13   McMahon.
14             THE DEFENDANT:  Good morning, your Honor.
15             THE COURT:  Mr. Black, I have in font of me an
16   affidavit of waiver of extradition that on the last page is
17   dated September 8th, 2016, and there is a signature above the
18   line that says "Gavin Black".  Is that your signature?
19             THE DEFENDANT:  It is, your Honor, yes.
20             THE COURT:  It is.  The affidavit begins that you have
21   been in discussions with your attorneys, Mr. Levine, and also
22   your UK counsel, Mr. Keith, concerning your rights under the
23   Extradition Treaty enforced between the United States and the
24   United Kingdom.  Is that correct?  Have you had opportunity to
25   discuss with both your British and American counsel your rights


1  under the Extradition Treaty?

2          THE DEFENDANT:  I have, your Honor.

3          THE COURT:  Do you waive those rights freely and of
4  your own free will?

5          THE DEFENDANT:  Yes, I do, your Honor.

6          THE COURT:  Mr. Levine, is this your signature above
7  your name on this document?

8          MR. LEVINE:  Yes, your Honor.

9          THE COURT:  Sir, Mr. Black, has anyone threatened you
10 or pressured you in any improper manner in order to get you to
11 sign this document and appear here in the United States?

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  Has anyone made any promises to you in
14 order to get you to sign this document?

15         THE DEFENDANT:  No, your Honor.

16         THE COURT:  I understand that there is an agreed-upon
17 bail package, and we'll discuss that momentarily.

18         I conclude that Mr. Black has had ample opportunity to
19 confer with his counsel both in the United Kingdom and here in
20 the United States, and that he has executed this document
21 freely and voluntarily, and I am signing on this 8th day of
22 September certifying that Mr. Black personally appeared before
23 me and made his oath in conformance with the law, and his
24 statements herein are true.

25         That's signed.  I think we're okay.  Have a seat.

1  Now, talk to me about the bail package.
2              MS. ANDERSON:  Yes, your Honor.  The parties have
3  agreed --
4              THE COURT:  Mr. O'Neill, pointed out that he needs to
5  be arraigned.  Mr. O'Neill.
6              THE DEPUTY CLERK:  Yes, Judge.
7              Mr. Black, please stand.
8              The United States Attorney for the Southern District
9  of New York has filed a superceding indictment S1 16 Cr. 370.
10  It charges you and your codefendant in Count One with
11  conspiring to commit wire and bank fraud, and you in Counts
12  Four, Six and Eleven with wire fraud.  Have you received a copy
13  of that indictment?
14              THE DEFENDANT:  I have.
15              THE DEPUTY CLERK:  Have you discussed it with your
16  attorney?
17              THE DEFENDANT:  I have.
18              THE DEPUTY CLERK:  Counsel, do you waive a more formal
19  reading of the indictment?
20              MR. LEVINE:  We do.
21              COURT CLERK:  How do you plead now as to those
22  charges?
23              MR. LEVINE:  Mr. Black pleads not guilty to all counts
24  he is charged with in this case.
25              THE COURT:  Thank you, Mr. Levine.  You a may be

1  seated.

2          Now let's talk about the bail package, which I gather
3  is acceptable to the government.

4          MR. LEVINE:  Yes, your Honor.  The agreed-upon bail
5  package is acceptable to the government as portrayed in the
6  waiver, and I can go through the --

7          THE COURT:  I think we should put those on the record.

8          MS. ANDERSON:  Okay.  The first is that it's a
9  $500,000 bond that's secured by $100,000 in cash.  The second
10 portion is that there are travel restrictions from within the
11 UK, the SDNY, EDNY, and New Zealand, and then any other
12 countries or travels approved by the government with 14 days'
13 notice.  I'm sorry.

14         THE COURT:  That's all right.  Keep going.

15         MS. ANDERSON:  The next portion is that his passport
16 be maintained by either his UK or US counsel, depending on what
17 location that he is in.

18         THE COURT:  Well, obviously, if he goes to New
19 Zealand, neither of them can maintain his passport.  He will
20 need it to go to New Zealand.

21         MS. ANDERSON:  He can have it in New Zealand.  Upon
22 traveled approve by the United States government he can have
23 his passport.

24         THE COURT:  All right.  Mr. Levine, is that a fair
25 summary of what the agreed-upon bail package is?

1           MR. LEVINE:  It is, your Honor.  Just a couple of
2    clarifications so the record is clear.
3           Mr. Black can travel within the United States, United
4    Kingdom and New Zealand.  Because of places that he may have to
5    fly to in the Central District of New Jersey it was not limited
6    to what district in the United States in the waiver.  I don't
7    think that's necessary.  So for example, he might have to fly
8    into Newark, and we just don't want to have his travel
9    restricted so he couldn't do that.  The waiver actually doesn't
10   specify where he can travel in the United States.  I think this
11   is not of great moment.
12          THE COURT:  I think it's not of great moment, either.
13   I don't anticipate that he's going to Kansas but --
14          MR. LEVINE:  He's not, but the other issue is we would
15   like to note for the record that, to the extent any plane has
16   to land in some other country, that he's not --
17          THE COURT:  Correct.  If he goes from New York to New
18   Zealand, he may have to stop in Los Angeles or Houston, which
19   is a better flight.  I know because I actually went on vacation
20   to New Zealand this year.  It's a nonstop.
21          MR. LEVINE:  The other thing is in terms of who would
22   pay in the money to the Court very, very promptly.  I think the
23   government agrees to 14 days.  We're actually going to try to
24   do it within the next 2 days.  I just wanted to note that
25   that's when we're going to do it, and that Mr. Black will be

1   released on his own signature today.

2               THE COURT:  Yes.  No problem.

3               MR. LEVINE:  Thank you, your Honor.

4               THE COURT:  What's our schedule?  We had Mr. Connelly
5   in and --

6               MS. ANDERSON:  Your Honor, we have a scheduling
7   conference scheduled for September 21st.  We've been advised
8   that that date does not work for Mr. Black's counsel, and so we
9   have alternative dates after Mr. Black's counsel did actually
10  reach out to Mr. Connelly's counsel so we do have alternative
11  dates that we could present the Court with.

12              THE COURT:  What would those be?

13              MS. ANDERSON:  So those would be the 27th, 28th, and
14  morning of the 29th of September.

15              THE COURT:  The 29th doesn't work because I have an --

16              MS. ANDERSON:  Or the morning of the 28th.

17              THE COURT:  -- off-site with the Unit Executives of
18  the Court, also.  I can do the afternoon of the 27th.  I can do
19  the morning of the 28th.

20              MS. ANDERSON:  The morning of the 28th I believe works
21  for all parties.

22              MR. LEVINE:  Thank you, your Honor.

23              THE COURT:  Could we do this at 9:30 or 10:00?

24              MR. LEVINE:  Whatever the Court would like.

25              MS. ANDERSON:  Yes, your Honor.

1    THE COURT: Let's do it at 10:00. It's September 28th
2 at 10:00. Time is excluded in the interest of justice, the
3 defendant's interest in a speedy trial being outweighed by the
4 need for -- has discovery been produced to Mr. Levine?
5 Probably not.
6    MS. ANDERSON: Your Honor, no. We have it with us,
7 it's ready to go, the vast majority of discovery, however, the
8 parties are still working on details of the protective order,
9 so we would ask for a little more time. We think we can
10 resolve this, and if we don't have it resolved by the
11 conference then we'll deal with it then, but we should have it
12 resolved.
13    THE COURT: Fine. But that gives me the hook that I
14 need. Time is excluded because discovery has not yet been
15 produced to defense counsel. Okay? Great.
16    MR. LEVINE: I'm sorry, your Honor. Just one thing.
17 Because the initial conference is on the 28th now, as a
18 preliminary I understand Mr. Connelly has asked for a waiver.
19 Mr. Black may or may not attend. I would ask him to be excused
20 for conferences that are not essential, if that's okay with the
21 Court. If you would like him to be here, he can absolutely be
22 here.
23    THE COURT: It's not clear to me what conferences are
24 going to be essential and what conferences are not going to be
25 essential, but as long as your client executes a waiver --

1           MR. LEVINE:  Of speedy trial, of course.

2           THE COURT:  -- of speedy trial then there will be no

3  problem.  But also, he has a right to be present.

4           Mr. Black, you understand that you have a right to be

5  present at literally every proceeding every time I meet your

6  lawyers at any point during this case.

7           THE DEFENDANT:  Yes, I do, your Honor.

8           THE COURT:  There are certain times when you must be

9  present.  Today was one of those times.  But you do have the

10  right to be here at all other times.

11           Is it your wish that if at certain conferences you and

12  your counsel collectively decide we're dealing only with

13  administrative matters and, therefore, your presence is not

14  necessary, that your counsel can, on your behalf, waive your

15  presence?

16           THE DEFENDANT:  It is, your Honor, yes.

17           THE COURT:  It is.  Fine.  All right.  Thank you.

18           MR. LEVINE:  Thank you so much, your Honor.  I

19  appreciate it.

20           MS. ANDERSON:  Thank you, your Honor.

21           THE COURT:  Okay.  I'll see you in a couple weeks.

22           (Adjourned)

23

24

25