

**U.S. Department of Justice**

Criminal Division

---

*Fraud Section*                                    *Washington, D.C. 20530*

December 6, 2017

**BY ECF AND HAND DELIVERY**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *United States v. Connolly, et al.*, S1 16 CR 370 (CM)

Dear Chief Judge McMahon:

     In advance of the *Kastigar* hearing ordered by the Court's October 19, 2017 Decision and Order on Defendants' Pretrial Motions ("Decision") and set to begin on December 13, 2017, the government hereby submits sworn declarations and lays out relevant case law.

     Attached as Government Exhibits 1–31 to this letter are sworn declarations from relevant current and former Department of Justice employees, Federal Bureau of Investigation agents, and the government's cooperating witnesses in this case. An index of these exhibits is attached to this letter. All of these declarants have attested under oath that, *inter alia*, they did not receive or read transcripts or summaries of Gavin Black's compelled testimony, nor were they otherwise made aware of the statements contained therein.

     We expect to file one additional declaration prior to the hearing on December 13, 2017 pertaining to the filter team's review of transcripts of the SFO's LIBOR-related trials.

     In addition, the government hereby requests leave to file the following documents under seal: (1) declaration of Special Agent Jeffrey Weeks, with supporting exhibits; (2) declaration of Louise van der Straeten of the Serious Fraud Office ("SFO"); and (3) declaration of Patrick Meaney of the Financial Conduct Authority ("FCA"). Special Agent Weeks's declaration pertains to his grand jury testimony and related grand jury materials, and the exhibits to his declaration will include the grand jury transcripts of his testimony, which are protected materials under Federal Rule of Criminal Procedure 6(e). The declarations of the SFO and FCA contain confidential information that is protected under Section 348 of the U.K. Financial Services and Markets Act. In light of the nature of the information that the government asked the U.K. authorities to provide in sworn declarations, the government has given assurances to the U.K. authorities that it would take appropriate measures to protect the confidentiality of this information. In addition, the government requests an exemption from the Clerk's Office's

"original signature" requirement as to these three declarations, which will be scanned copies of the original documents.

At a *Kastigar* hearing, the government is required to establish "that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." *Kastigar v. United States*, 406 U.S. 441, 460 (1972); *accord United States v. Allen*, 864 F.3d 63, 91 (2d Cir. 2017).[1]  The government must meet "this heavy, albeit not insurmountable, burden by a preponderance of the evidence." *Id.* at 92.  Therefore, "[n]egation of all abstract possibility of taint is not necessary." *United States v. Schmidgall*, 25 F.3d 1523, 1529 (11th Cir. 1994) (citing *United States v. Byrd*, 765 F.2d 1524, 1529 (11th Cir. 1985)).

The Court has previously indicated that it will accept sworn statements from the trial team, case agents, and cooperating witnesses, establishing that none of them had access to Black's compelled testimony.  Decision at 18, 31.  The Court has also stated its willingness to accept sworn statements from representatives of the SFO and the FCA with respect to their use of the testimony. *Id.* at 23.  As numerous courts have held, the government may carry its burden under *Kastigar* through sworn affidavits. *See, e.g.*, *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) ("[T]the district court's careful review of all of the declarations and discovery documents complied with due process, and the refusal to allow cross-examination was an appropriate exercise of judicial discretion."); *United States v. Boyd*, 404 F. Supp. 413 (S.D.N.Y. 1975) (denying motion for *Kastigar* hearing after review of affidavits and grand jury materials).  This Court has already determined that "[o]nly if an affidavit reveals that someone was exposed to the FCA testimony will that individual need to be cross examined at the *Kastigar* hearing."  Decision at 18.  Such a limitation is an appropriate exercise of the court's discretion. *See, e.g.*, *Pennsylvania v. Ritchie*, 480 U.S. 39, 52–53 (1987) (plurality opinion) ("The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination."); *United States v. Shaw*, No. 16-CR-642 (RJS), 2017 WL 1380598, at *7 (S.D.N.Y. Apr. 13, 2017) ("In light of . . .  authority from the Supreme Court, the Seventh Circuit and several district court judges within this Circuit have concluded that the Confrontation Clause does not attach to pretrial suppression hearings.").[2]

---

[1] In light of the Court's Decision ordering a *Kastigar* hearing, the government is prepared to carry its burden under the *Kastigar* standard.  Nevertheless, the Second Circuit has not determined — and therefore the government does not concede — that *Kastigar* provides the appropriate legal standard under which to evaluate whether a Fifth Amendment violation has occurred in a case involving foreign-compelled testimony. *See Allen*, 864 F.3d at 91 n.121 (noting that although "it is not clear [under Second Circuit jurisprudence] whether all involuntary statements or all compelled statements should be subjected to the strong medicine prescribed in *Kastigar*, or whether some other doctrine should govern in certain circumstances," the government in that case had waived any argument that a standard other than *Kastigar* ought to apply).  Rather, the government reserves the right to argue that another legal standard, such as the fruit-of-the-poisonous-tree doctrine, may be more appropriate. *See, e.g.*, *United States v. Ghailani*, 743 F. Supp. 2d 242, 253 (S.D.N.Y. 2010) ("The principles governing the treatment of fruits of the poisonous tree in the Fourth Amendment context apply to the extent that their logic is consistent also with the underlying concerns of the Fifth and Sixth Amendments.").

[2] Nothing in *United States v. Cantu*, 185 F.3d 298 (5th Cir. 1999), requires a different conclusion.  Although the court there noted that "*Kastigar* does require the government to give the defendant a chance to cross-examine relevant witnesses, to ensure the lack of tainted evidence," *id.* at 304, that was in the context of a government witness who had been exposed to the defendant's statements.  There has been no similar exposure here.  Thus, none

In light of the foregoing, the government does not intend to call any witnesses at the hearing scheduled for December 13, 2017, and will rely on the aforementioned declarations as well as the testimony of Mr. Prange — who will be present to testify as requested by the Court on January 22, 2018 — to make its showing under *Kastigar*, subject to any supplementation the Court may request.  The government further requests that any argument relating to the *Kastigar* hearing be reserved until after Mr. Prange testifies.

Respectfully submitted,


/s/ D. Brittain Shaw
D. BRITTAIN SHAW
CHRISTOPHER D. JACKSON
JESSEE C. ALEXANDER-HOEPPNER
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

CC (via ECF):  Counsel for Matthew Connolly and Gavin Black

---

of the declarants here are "relevant witnesses" for purposes of cross-examination, as the Court has already recognized.  Decision at 18 ("Only if an affidavit reveals that someone was exposed to the FCA testimony will that individual need to be cross examined at the *Kastigar* hearing.").

| Exhibit Number | Affiant Name |
|:---:|:---:|
| 1 | Alison Anderson |
| 2 | Patrick Boone |
| 3 | Daniel Braun |
| 4 | Michael Curtler |
| 5 | Kyle Dornbos |
| 6 | Matthew Ellis |
| 7 | Michael Kelly |
| 8 | James King |
| 9 | Jeffrey Knox |
| 10 | Michael Koenig |
| 11 | Jeffrey Martino |
| 12 | Michael McGillicuddy |
| 13 | Kathleen McGovern |
| 14 | Sandra Moser |
| 15 | Joseph Muoio |
| 16 | Timothy Parietti |
| 17 | Richard Powers |
| 18 | Elizabeth Prewitt |
| 19 | Jennifer Riker |
| 20 | Michelle Rindone |
| 21 | Rebecca Rohr |
| 22 | Jennifer Saulino |
| 23 | Benjamin Singer |
| 24 | Carol Sipperly |
| 25 | William Stellmach |
| 26 | Patrick Stokes |
| 27 | William Theroux |
| 28 | Daniel Tracer |
| 29 | Andrew Weissmann |
| 30 | Brent Wible |
| 31 | Brian Young |