I5m1conc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
   UNITED STATES OF AMERICA,
3
              v.                           16 Cr. 370 (CM)
4
   MATTHEW CONNOLLY,
5  GAVIN CAMPBELL BLACK,
6              Defendants.                 Conference
   ------------------------------x
7                                          New York, N.Y.
                                           May 22, 2018
8                                          10:17 a.m.
9
   Before:
10
                    HON. COLLEEN McMAHON,
11
                                           District Judge
12
13                        APPEARANCES
14 U.S. DEPARTMENT OF JUSTICE
   CRIMINAL DIVISION, FRAUD SECTION
15 BY:  CAROL L. SIPPERLY
        MICHAEL T. KOENIG
16      ALISON L. ANDERSON
        MARK JOHN CIPOLLETTI
17      CHRISTINA BROWN
        Trial Attorneys
18
   PAUL HASTINGS LLP
19      Attorneys for Defendant Matthew Connolly
   BY:  KENNETH M. BREEN, ESQ.
20      PHARA A. GUBERMAN, ESQ.
        JANE H. YOON, ESQ.
21
   LEVINE LEE LLP
22      Attorneys for Defendant Gavin Campbell Black
   BY:  SETH L. LEVINE, ESQ.
23      MIRIAM L. ALINIKOFF, ESQ.
        SCOTT B. KLUGMAN, ESQ.
24
   ALSO PRESENT:  KATIE HOLBROOK
25                 AARATHI PARAMESH MENON
                   Paralegal Specialists, USDOJ

                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

I5m1conc

1              (Case called)

2              MS. SIPPERLY:  Carol Sipperly for the government.

3    Good morning.

4              MR. KOENIG:  Michael Koenig for the United States.

5              MS. ANDERSON:  Alison Anderson, also for the United

6    States.

7              MR. CIPOLLETTI:  Mark Cipolletti for the United

8    States.

9              MS. BROWN:  Christina Brown for the United States.

10             MS. PARAMESH MENON:  Aarathi Paramesh Menon.

11             MS. HOLBROOK:  Katie Holbrook.

12             MS. SIPPERLY:  Your Honor, if I could just introduce

13   the end of the table.  We asked our paralegals to come in case

14   any exhibits were brought up today, so we apologize if it's a

15   crowded table today.

16             THE COURT:  Take as much room as you like.

17             MS. SIPPERLY:  But we think that maybe exhibits won't

18   come up.

19             THE COURT:  They're not going to come up.

20             Mr. Breen.

21             MR. BREEN:  Thank you, your Honor.  Good morning.  Ken

22   Breen, Phara Guberman, and Jane Yoon for Matt Connolly.

23             MR. LEVINE:  Good morning, Judge.  Seth Levine, Miriam

24   Alinikoff, and Scott Klugman for Mr. Black.  By previous order,

25   his appearance was excused today.

I5m1conc

1            THE COURT:  Correct.  Same with Mr. Connolly.

2            MR. BREEN:  Yes.  Thank you, your Honor.

3            THE COURT:  Take a seat.

4            I have the following questions.  How long does the

5     government anticipate it will take to present its case in

6     chief?

7            MS. SIPPERLY:  Well, obviously it depends on --

8            THE COURT:  Ms. Sipperly, how long will it take the

9     government to present its case in chief?

10            MS. SIPPERLY:  We expect, with the type of

11     cross-examination, two weeks.

12            THE COURT:  No, no.  Please.

13            MS. SIPPERLY:  Two weeks.

14            THE COURT:  Two weeks.  Thank you.

15            MS. SIPPERLY:  And hopefully less.

16            THE COURT:  I always hope for less.

17            Okay.  Mr. Breen and Mr. Levine, just for my planning

18     purposes, should I add one week or two weeks for a possible

19     defense case?

20            MR. BREEN:  One week, your Honor.

21            THE COURT:  Okay.  Okay.  So here are my two proposals

22     for you.  One potential trial date is July 23rd, and one

23     potential trial date is September 17.  I had hoped for the

24     preceding week, but unfortunately, the judicial conference of

25     the United States is meeting that week, and that's the one

I5m1conc

1    thing I can't not show up for, in my exalted capacity as the

2    district court representative to the judicial conference of the

3    United States for the Second Circuit.  So them's my options,

4    folks.  I'd rather do it in July, but I told you September in

5    the opinion, so those are your two dates and there are no

6    others.  If we do it on September 17th, we'll pick a jury,

7    we'll have to take a break for Yom Kippur, which is Wednesday.

8             MR. BREEN:  Your Honor, given the Court's ruling and

9    the government's shifting theories, we would ask for the

10    September date.

11            THE COURT:  Okay.  That's it.  Book it.

12            Breaking my heart, guys.  I tried.

13            I would like to say that Roee Shalev, Ebony Ray, and

14    Kelsey Russell have worked exceedingly hard on this case and

15    that they will not be around for the trial is really deeply

16    disappointing to them, and to me.  Come back as guests.

17            Okay.  We have a date.

18            404(b), *Jencks*, and *Giglio* by August 10th.  We don't

19    have any more motions.  We've had our *in limine* motions.  The

20    date has long since passed for 404(b) motions, so there isn't

21    going to be any 404(b).  Why am I saying that?  There is no

22    404(b).  We know that.  That date passed.  So *Jencks*, *Giglio*,

23    3500, August 10th.

24            Now the other open item on the agenda is, will the

25    government be preserving the testimony of Ms. Scutt?

I5m1conc

1          MS. SIPPERLY:  Your Honor, so we are in the process of

2     making that decision.

3          THE COURT:  Oh, for the love of god.

4          MS. SIPPERLY:  But we fully expect to have --

5          THE COURT:  Make a decision, now.  Make it now.  Make

6     it while we're sitting here.  You've had ten days.  What's the

7     big deal?  Make the decision.  Honestly, Ms. Sipperly.

8          MS. SIPPERLY:  Your Honor, if we were to say today,

9     then we would say we're pursuing both theories, but we really

10    are considering going with the theory, and it's our position

11    that this theory has been since the outset of the case.

12         THE COURT:  Yes, that's your position.  It's not my

13    position.  It's not the defense position.  I already said in a

14    footnote -- I didn't put it in the text, but let me put it in

15    the text -- your position is unworthy of the Department of

16    Justice.  It is unworthy of you, all right?  So forget it,

17    Ms. Sipperly.  We're not going to have a fight about this.

18         MS. SIPPERLY:  That's an unfair characterization.

19         THE COURT:  You think so.  I don't.  And I'm the

20    judge.  And it's done.  We're not having a discussion about

21    this, okay?  We're not having a discussion about this.

22    Ms. Sipperly, I'm going to give you a deadline.

23         Ms. Sipperly.  You have until the 29th of this month

24    to make a decision, once and for all.  You have until the 29th

25    of this month, at 5 p.m.  It had better be on ECF, because if

I5m1conc

1    it's not, then the answer is no.

2            MS. SIPPERLY:  In the meantime, the government has

3    submitted an MLAT with the Court's order and the witness is on

4    notice, and to the extent there would be a Ewan deposition, the

5    government informed defense counsel that that deposition would

6    go by letters rogatory, after consulting with the Office of

7    International Affairs.  We were told that those are the

8    mechanisms for the government and defense.

9            THE COURT:  I'm looking at Mr. Breen and Mr. Levine.

10           MR. LEVINE:  So your Honor, obviously we're going to

11   have to wait to see what the decision of the government is

12   pursuant to the Court's order.  I will say, however, that

13   should they proceed with Ms. Scutt, what the government has

14   said -- and they told us the other day that they intend to use

15   their MLAT abilities to get their witness.  They will not --

16           THE COURT:  They will use their MLAT abilities to get

17   your witness.  They will or they will not get Ms. Scutt.

18   That's the end of that.

19           MR. LEVINE:  Thank you, your Honor.

20           THE COURT:  Possibly that will help them make a

21   decision.  No MLAT for Ewan, no Scutt.

22           That's the end of my agenda.

23           MS. ANDERSON:  We just have a couple housekeeping

24   items.

25           THE COURT:  Yes, Ms. Anderson.

I5m1conc

1          MS. ANDERSON:  The first is speedy trial.  We just

2   want to get that on the record, obviously, from now until

3   September.

4          The other one is that it was raised in your order

5   about the *Garrity* issue with Mr. Ricciardi, the expert witness,

6   and we just want to make sure that --

7          THE COURT:  I forgot about it.

8          How do you guys feel about that, Mr. Breen,

9   Mr. Levine?

10          MS. ANDERSON:  And he's likely to not be our very

11   first witness.

12          THE COURT:  It doesn't matter if he's your first

13   witness or your 15th witness.  The issue is the issue.  It has

14   nothing to do with where he gets called.

15          Mr. Breen?  Mr. Levine?

16          MR. BREEN:  We have no issue.

17          MR. LEVINE:  I'm sorry, your Honor.

18          THE COURT:  Would you rather another judge did the

19   *Garrity* hearing with Mr. Ricciardi?

20          MR. LEVINE:  Your Honor, that's an issue -- we've seen

21   that in your order -- we're still analyzing.  It's obviously

22   something we'd like a little bit more time to think about.

23   It's something we have to advise our client about, and this is

24   not something we would suggest without a lot of thought.

25          THE COURT:  So you have a lot of thought until the

I5m1conc

1    29th of May.

2             MR. LEVINE:  That's fine, your Honor.  Thank you very

3    much.

4             THE COURT:  Then you can make that decision, all

5    right?

6             MR. LEVINE:  Thank you very much.

7             THE COURT:  I gather for Mr. Breen it's not an issue.

8             MR. BREEN:  It's not an issue, your Honor.

9             THE COURT:  Thank you.  But if it is for Mr. Black,

10   trust me, I will take no offense.  I will take absolutely no

11   offense if you want another judge to do that hearing.  And then

12   it can be done over the course of the summer.

13            MR. LEVINE:  Your Honor, I understand that.  It's

14   simply a matter of the fact given the --

15            THE COURT:  No, no.  I think you need to talk to your

16   client, Mr. Levine.  You don't have to apologize for talking to

17   your client, okay?  You don't.

18            MR. LEVINE:  Thank you very much.

19            THE COURT:  I will say that I know him a lot less well

20   than I know you at this point.  Okay.

21            MS. ANDERSON:  Your Honor, the one other issue that we

22   wanted to raise was -- and I don't know if it just didn't hit

23   the docket, but the Court's rulings on the matters under seal.

24   The motions --

25            THE COURT:  It's not that it didn't hit the docket;

I5m1conc

1    it's that I'm still negotiating with the taint team and defense

2    counsel.  I thought that the taint team had exposed some grand

3    jury material and I went back to the taint team, and I think to

4    defense counsel, with my suggestions.

5            You guys will get it today.  I was concerned that

6    perhaps some grand jury material had inadvertently been left

7    exposed.  That will be taken care of without any involvement

8    from the folks at the front table.

9            MS. ANDERSON:  And your Honor, I apologize.  I'm

10   actually more referring to the government's motions *in limine*

11   under seal, so I know defendants' statements we can deal with

12   at trial, but the other one, we just wanted to at least get a

13   position on the record about sort of the personal issues of --

14           THE COURT:  Oh.

15           MS. ANDERSON:  And I think we've come to an agreement.

16   I just wanted to get the agreement on the record.

17           THE COURT:  We decided it.

18           MS. ANDERSON:  So I don't know if we just didn't

19   receive that or if we missed something.  But we'll follow up.

20           THE COURT:  I think you missed something.  But we

21   decided everything.  It didn't sound like there was much of an

22   issue to be decided.  But since it's under seal, we're not

23   going to worry about it.

24           MS. ANDERSON:  Okay.  Thank you.

25           THE COURT:  Here.  We'll get something out by the end

I5m1conc

1   of the day clarifying that, okay?

2          MS. ANDERSON:  Okay.  Thank you, your Honor.

3          THE COURT:  Okay.  Mr. Breen, how was your last trial?

4          MR. BREEN:  Glad to be home, your Honor.

5          THE COURT:  We're glad to see you.  We're glad to have

6   you here.  So what might you have for the agenda?

7          MR. BREEN:  I have nothing today, your Honor, that

8   hasn't been covered already.

9          THE COURT:  That hasn't been covered already.  Great.

10         Mr. Levine?  A little hesitant always to call on

11  Mr. Levine.

12         MR. LEVINE:  Your Honor, you always hurt my feelings

13  when I start.  I have just one issue.

14         THE COURT:  Okay.

15         MR. LEVINE:  It has no subparts.

16         One thing, in going through the large amount of

17  evidence here, that would be very helpful to the defense, and I

18  think we're entitled to now, is a co-conspirator list.  There

19  are tapes, there are lots of things the government is

20  suggesting they're going to offer --

21         THE COURT:  I think that would be absolutely

22  necessary.  I want a co-conspirator list, and I want it sooner

23  rather than later because I'm the one who has to make the

24  rulings on whether things are admissible or not.

25         MR. LEVINE:  Thank you, your Honor.

I5m1conc

1          MS. ANDERSON:  And your Honor --

2          THE COURT:  Ms. Anderson.

3          MS. ANDERSON:  We would like to provide that to

4    defense via a letter with --

5          THE COURT:  That's fine.  You can.  Look, a letter as

6    opposed to a what?  The government always goes by letter.

7    Never mind.  I don't really care.  Ms. Anderson, I don't care

8    how you present it, as long as you do that.  Thank you.

9          MS. ANDERSON:  Thank you.

10         THE COURT:  Thank you very much.  I like the 29th of

11   May.  I think that's a good date.  It's a good date for

12   everything.  Okay.  Thanks for bringing that up, Mr. Levine,

13   because I would just as soon know who's a co-conspirator and

14   who's not for purposes of this case.  There are hearsay issues.

15         MR. LEVINE:  Thank you, your Honor.

16         THE COURT:  All right.  So Ms. Anderson brings up

17   speedy trial.  The defense has asked for a long date, so I

18   assume that we are okay with speedy trial to the 17th of

19   September?

20         MR. BREEN:  That's correct, your Honor.

21         MR. LEVINE:  Yes, your Honor.

22         THE COURT:  Thank you.  That's done.

23         All right.  Anything else?

24         Have a lovely Memorial Day.

25         ALL COUNSEL:  Thank you, your Honor.
                              o0o