

U.S. Department of Justice

Criminal Division

---

*Fraud Section*

*Michael T. Koenig*
*(202) 616-2165*
*Michael.Koenig@usdoj.gov*

*450 5th St, N.W.*
*Washington, D.C. 20001*

May 29, 2018

**VIA ECF AND HAND DELIVERY**

Chambers of the Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    United States v. Connolly, 16-CR-370

Dear Chief Judge McMahon:

    Per the Court's May 22, 2018, order, we write to inform the Court that the government will not take a Rule 15 deposition of former British Bankers' Association (BBA) employee Sally Scutt. As set forth in the government's motions *in limine*, we intend to prove that the defendants made two types of false statements to Deutsche Bank's counterparties: (1) false statements when entering into swap transactions; and (2) biased and dishonest LIBOR submissions that went through the BBA and Thomson Reuters, acting as conduits. ECF No. 217 at 1-2. To be clear, the government intends to offer evidence of how the BBA defined LIBOR and how the defendants caused the submission of biased and dishonest rates that were inconsistent with that definition. The government also intends to offer evidence that, in phone calls and in-person meetings, members of the conspiracy made false and misleading statements to representatives of the BBA to prove the existence of a scheme and conspiracy, but not to establish the state of mind of anyone at the BBA.

    The government respectfully maintains that the counterparty theories are properly alleged in the Superseding Indictment. *See, e.g.*, ECF No. 22 at ¶¶ 2-5, 25-26, 27(a) & (f). In the event that the issues of variance or constructive amendment are litigated, the government is prepared to supplement the record with additional background facts—some of which may not have been known to the Court—demonstrating that the defense has long since been apprised of the government's intention to proceed on the theories of liability articulated in its motion *in limine* and that the government conceived of these theories before this case was initiated.

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice | JEFFREY D. MARTINO<br>Chief, New York Office<br>Antitrust Division<br>United States Department of Justice |
| _____/s/_____<br>CAROL L. SIPPERLY<br>Assistant Chief<br>ALISON L. ANDERSON<br>MARK CIPOLLETTI<br>Trial Attorneys<br>Criminal Division, Fraud Section<br>United States Department of Justice | _____<br>MICHAEL T. KOENIG<br>CHRISTINA J. BROWN<br>Trial Attorneys<br>Antitrust Division<br>United States Department of Justice<br>(202) 616-2165 |