```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MATTHEW CONNOLLY and
GAVIN CAMPBELL BLACK,

*Defendants.*

No. 1:16-cr-00370 (CM)

LETTER ROGATORY PURSUANT TO
28 U.S.C. § 1781 & S. TREATY DOC NO.
104-2 (JAN. 6, 1994)

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE APPROPRIATE AUTHORITY IN THE UNITED KINGDOM, GREETINGS:

The United States District Court for the Southern District of New York presents its compliments to the appropriate Territorial Authority of the United Kingdom and requests international judicial assistance to obtain evidence to be used in a criminal prosecution before this Court in the above-captioned matter (the "Action"). A trial in this matter is scheduled at present for September 17, 2018, in New York, New York, United States of America. On that basis, and for the purposes of § 14(2)(a) of the Crime (International Co-Operation) Act 2003, there are reasonable grounds for suspecting that an offense has been committed.

The District Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate Territorial Authority of the United Kingdom nominates a Court to take the sworn deposition of Mr. John Ewan, a citizen of the United Kingdom, for use as evidence in the Action. The District Court believes that the evidence sought is directly relevant to the issues in dispute in this case.

This request is made pursuant to, and in conformity with, 28 U.S.C. § 1781 and the Mutual Legal Assistance ("MLA") Treaty of January 6, 1994, between the United States and the United Kingdom, which allows a court of the United States to submit a request directly to the United Kingdom Central Authority (the "UKCA") and allows the UKCA to respond in the same manner. The District Court is authorized by 28 U.S.C. §§ 1781 and 1782 to extend similar assistance on request of the judicial authorities of the United Kingdom.

The Action involves a criminal prosecution by the United States Department of Justice (the "DOJ") of Matthew Connolly, a citizen of the United States, and Gavin Black, a citizen of the United Kingdom (collectively, the "Defendants"), for conspiracy to commit wire and bank fraud under 18 U.S.C. § 1349, and wire fraud under 18 U.S.C. § 1343. The DOJ alleges that

Defendants, both former employees of Deutsche Bank, engaged in a conspiracy to manipulate the London Interbank Offered Rate ("LIBOR") to benefit the trading positions of Deutsche Bank that were tied to this benchmark. From in or about January 2005 through March 2008, Mr. Connolly worked as Director of Deutsche Bank's Pool Trading Desk in New York, and from in or about February 1997 through early 2015, Mr. Black worked as a Director on Deutsche Bank's Money Market Derivatives and Pool Trading Desks in London.

According to the DOJ, Defendants engaged in a scheme to commit wire fraud by "making false and fraudulent USD LIBOR submissions" from in or about 2004 through in or about 2011. (Superseding Indictment ¶ 26.) As alleged by the DOJ, the British Bankers' Association (the "BBA") was the London-based trade group responsible for administering and publishing the LIBOR benchmark at issue in the Action. Because the administration of LIBOR was not a regulated activity, the definition and rules promulgated by the BBA governed the appropriateness of any LIBOR submission by a bank selected by the BBA to contribute to the daily calculation of LIBOR. Therefore, Defendants maintain that whether the USD LIBOR submissions alleged by the DOJ are "false and fraudulent" necessarily requires determination as to what constituted a "false and fraudulent" submission under the BBA's definition and rules.

From 1986 through 2014, the BBA administered LIBOR. Each day, the BBA asked a selection of sixteen London-based "Panel Banks" to predict and submit the interest rate at which they perceived that they could borrow unsecured cash in the London interbank market. During this time period, the BBA was the body responsible for overseeing the LIBOR submission process.

Mr. Ewan, the subject of the District Court's request, is a citizen of the United Kingdom and a former employee of the BBA. Mr. Ewan was the Managing Director of LIBOR until 2012, having previously served as LIBOR Manager from 2005 through 2007, and LIBOR Director from 2007 through 2010. Mr. Ewan also served during this time as Secretary to the BBA's Foreign Exchange & Money Markets ("FX & MM") Committee.

Through his official positions and responsibilities at the BBA, Mr. Ewan gained first-hand knowledge of the BBA's application and interpretation of its rules concerning what constituted proper, or fraudulent, LIBOR submission practices on behalf of banks and bank employees during the relevant time period, and Defendants allege that those views are material to issues in the Action, including the expression of those views in communications with outside parties. However, Defendants have been unable to confirm that Mr. Ewan will appear voluntarily in the United States of America to present testimony at trial. As recently as July 2, 2018, it was represented to counsel to Mr. Black that Mr. Ewan will not appear in the United States to testify at trial. As a citizen of the United Kingdom, Mr. Ewan is outside the scope of the District Court's subpoena power and therefore cannot be compelled to give testimony at the trial of Defendants—one of whom is a citizen of the United Kingdom—in the United States.

It has been demonstrated to this Court that, in the absence of testimony from Mr. Ewan, there is a material risk of injustice to Defendants in this Action. In conformity with 28 U.S.C. § 1781, the undersigned applicant therefore has the honor to submit the following Letter Rogatory.

This Court requests the assistance of the appropriate Territorial Authority of the United Kingdom to issue such orders as are necessary to implement this Letter Rogatory for Mr. Ewan to appear before a nominated court in the United Kingdom to take his oral sworn testimony at deposition in conformity with the procedures of the U.S. Federal Rules of Criminal Procedure and the U.S. Federal Rules of Evidence, the relevant portions of which are excerpted and attached as Exhibit A hereto, or such other procedures as are acceptable to you. The Court has been informed that this testimony is available solely in the United Kingdom and will not be obtained by the DOJ through an MLA Treaty request.

The United States District Court for the Southern District of New York, through the offices of the representatives of Defendants, is prepared to reimburse your court and/or office for all costs incurred in executing the instant Letter Rogatory and the assurance of its highest consideration.

**SENDER:** The Honorable Colleen McMahon
Chief United States District Court Judge
United States District Court for the Southern
District of New York
Room 24A
United States Courthouse
500 Pearl Street
New York, New York 10007
United States of America
James O'Neill, Senior Clerk: (212) 805-6329

**CENTRAL AUTHORITY OF THE REQUEST STATE:** UK Central Authority
International Criminality Unit
Home Office
3rd Floor, Seacole Building
2 Marsham Street
London
SW1P 4DF

**PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:** *Defendants' Legal Representatives in the UK:*

John Bramhall
Jonathan Brogden
DAC Beachcroft LLP
1 Minster Court
Mincing Lane, London EC3R 7AA
+44(0)20 7894 6290
07771 725 497
jbramhall@dacbeachcroft.com

3

jbrogden@dacbeachcroft.com

Simon Airey
Paul Hastings LLP
10 Bishops Square, Eighth Floor
London E1 6EG
+44(0)20 3023 5156
simonairey@paulhastings.com

Adrian Darbishire QC
QEB Hollis Whiteman
1-2 Laurence Pountney Hill
London EC4R 0EU
+44(0)20 7933 8855
ad@qebhw.co.uk

*On behalf of:*

The Honorable Colleen McMahon
Chief United States District Court Judge
United States District Court for the Southern
District of New York
Room 24A
United States Courthouse
500 Pearl Street
New York, New York 10007
United States of America

**IN CONFORMITY WITH 28 U.S.C. § 1781, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| **REQUESTING JUDICIAL AUTHORITY:** | The Honorable Colleen McMahon<br>Chief United States District Court Judge<br>United States District Court for the Southern District of New York<br>Room 24A<br>United States Courthouse<br>500 Pearl St.<br>New York, New York 10007<br>United States of America |
| **TO THE COMPETENT AUTHORITY OF THE UNITED KINGDOM:** | UK Central Authority<br>International Criminality Unit<br>Home Office<br>3rd Floor, Seacole Building<br>2 Marsham Street<br>London<br>SW1P 4DF |
| **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:** | U.S. Department of Justice:<br><br>Carol L. Sipperly<br>Alison L. Anderson<br>U.S. Department of Justice, Fraud Section<br>1400 New York Ave. NW, 3rd Floor<br>Washington, D.C. 20530<br>(202) 598-2929<br>carol.sipperly@usdoj.gov<br>alison.anderson@usdoj.gov<br><br>Michael T. Koenig<br>Christina J. Brown<br>U.S. Department of Justice, Antitrust Division<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br>(202) 616-2165<br>michael.koenig@usdoj.gov<br>christina.brown@usdoj.gov<br><br>Defendants:<br><br>*Defendant Matthew Connolly*<br><br>Kenneth M. Breen<br>Phara A. Guberman<br>Jane H. Yoon |

5

Amanda L. Pober
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
kennethbreen@paulhastings.com
pharaguberman@paulhastings.com
janeyoon@paulhastings.com
amandapober@paulhastings.com

*Defendant Gavin Campbell Black*

Seth L. Levine
Scott B. Klugman
Miriam L. Alinikoff
Levine Lee LLP
650 Fifth Ave., 13th Fl.
New York, New York 10019
(212) 223-4400
slevine@levinelee.com
sklugman@levinelee.com
malinikoff@levinelee.com

## FACTS

The United States Department of Justice (the "DOJ") has brought charges in the United States against Matthew Connolly, a citizen of the United States, and Gavin Campbell Black, a citizen of the United Kingdom (together, "Defendants"), for wire fraud and conspiracy to commit wire fraud and bank fraud pursuant to 18 U.S.C. § 1343 and 18 U.S.C. § 1349, respectively. The DOJ alleges that Defendants, while employed by Deutsche Bank, engaged in a conspiracy to manipulate the London Interbank Offered Rate ("LIBOR") by causing Deutsche Bank to make false and fraudulent submissions for inclusion in the daily calculation of U.S. Dollar ("USD") LIBOR, with the intention of benefitting Deutsche Bank's trading positions. From in or about January 2005 through March 2008, Mr. Connolly worked as Director of Deutsche Bank's Pool Trading Desk in New York, and from in or about February 1997 through early 2015, Mr. Black worked in London as a Director on Deutsche Bank's Money Market Derivatives and Pool Trading Desk.

On September 8, 2016, Mr. Black, a citizen of the United Kingdom, agreed to a waiver of extradition to face charges in the United States that Mr. Black alleges was based in part on the assurances provided by the Serious Fraud Office (the "SFO") that he would not be criminally prosecuted in the United Kingdom in connection with the conduct alleged by the DOJ. Having agreed to stand trial in the United States, Mr. Black contends that he is now forced to rely on a Letter Rogatory to obtain what he argues are exculpatory materials that are located in the United Kingdom.

According to the DOJ, Defendants engaged in a scheme to commit wire fraud by "making false and fraudulent USD LIBOR submissions" from in or about 2004 through in or about 2011. (Superseding Indictment ¶ 26.) As alleged by the DOJ, the British Bankers' Association (the "BBA") was the exclusive arbiter that defined and administered LIBOR during the relevant period. Because the administration of LIBOR was not a regulated activity, the definition and rules promulgated by the BBA governed the appropriateness of any LIBOR submission by a bank selected by the BBA to contribute to the daily calculation of LIBOR. Therefore, Defendants contend that whether the USD LIBOR submissions alleged by the DOJ are "false and fraudulent" necessarily requires determination as to what constituted a "false and fraudulent" submission under the BBA's definition and rules.

From 1986 through 2014, the BBA administered LIBOR. Each day, the BBA asked a selection of sixteen London-based "Panel Banks" to predict and submit the interest rate at which they perceived that they could borrow unsecured cash in the London interbank market. During this time period, the BBA's Foreign Exchange & Money Market ("FX & MM") Committee was the body responsible for overseeing the LIBOR submission process.

John Ewan, a citizen of the United Kingdom, served as a BBA employee from 2005 through 2012 under the titles of LIBOR Director, LIBOR Manager, and Managing Director of LIBOR, and he also served during this time as Secretary to the FX & MM Committee. As Secretary, Mr. Ewan regularly attended and took notes at FX & MM Committee meetings, which often involved discussions of LIBOR submission requirements. Mr. Ewan also met with the various Panel Banks, market participants and the Bank of England at various times throughout his employ with the BBA to discuss matters related to LIBOR. Defendants thus maintain that Mr. Ewan had first-hand knowledge of the BBA's views on what constituted proper, or fraudulent, LIBOR submissions during the relevant time period, and communicated with banks and others regarding issues and complaints regarding the BBA's definition and calculation of LIBOR.

Mr. Ewan has previously testified as a witness on behalf of the prosecution in four separate LIBOR-related criminal trials brought by the SFO: (i) Regina v. Tom Alexander William Hayes, Southwark Crown Court [2015] EWCA Crim. 1944 ("Hayes Trial"); (ii) Regina v. Darrell Read, Colin Goodman, Danny Wilkinson, Terry Farr, James Gilmour and Noel Cryan, Southwark Crown Court [2015] T20137369, T20137370, T20147183, T20147566 ("Broker Trial"); (iii) Regina v. Jonathan James Mathew, Stylianos Contogoulas, Jay Vijay Merchant, Alex Pabon and Ryan Michael Reich, Southwark Crown Court [2016] T20147114, T20147116, T20147239 ("Barclays Trial"); and (iv) Regina v. Ryan Michael Reich and Stylianos Contogoulas, Southwark Crown Court [2017] T20147116, T20147239 ("Barclays Retrial"). The theories of the fraud alleged in these prior trials are similar to those alleged against Defendants in the United States. Defendants contend that Mr. Ewan's prior testimony demonstrates that his testimony is both material and exculpatory in Defendants' case as it undermines key assertions made by the DOJ in the Action that the submissions at issue were "false and fraudulent" pursuant to the BBA's definition of LIBOR.

## EVIDENCE TO BE OBTAINED

Defendants seek to obtain testimonial evidence from Mr. Ewan in the United Kingdom. Defendants maintain that this testimony is critical to Defendants' case and their ability to exonerate themselves.

**EVIDENCE TO BE OBTAINED:** The taking of testimony for trial of Mr. John Ewan, a third-party witness in this matter.

**IDENTITY AND ADDRESSES OF PERSONS TO BE EXAMINED:** Mr. John Ewan, former Managing Director of LIBOR for the BBA and Secretary to the BBA's FX & MM Committee.

(Address currently unknown)

## QUESTIONS PROPOSED TO MR. EWAN

Defendants seek permission to ask Mr. Ewan questions concerning the same subject matter for which Mr. Ewan already provided testimony at the Hayes, Broker, and Barclays Trials, as well as the Barclays Retrial. Such questions would encompass the time period 2005 through 2011 and would concern, for example:

1. The BBA's performance of annual reviews of the Panel Banks.

2. The FX & MM Committee's meetings, including, but not limited to, questions concerning discussions of LIBOR submission requirements at such meetings.

3. The submission of rates by a Panel Bank from among a range of reasonable rates at which the bank could possibly borrow cash.

4. The BBA's knowledge of Panel Banks engaging in the practice of submitting rates that took into account the bank's trading positions.

5. The BBA's knowledge of Panel Banks engaging in the practice of submitting rates lower than the rate at which the bank could borrow funds for reputational reasons.

6. Whether the BBA had discussions with the Bank of England or other regulators concerning Panel Bank submissions and the practice of submitting rates lower than the rate at which the bank could borrow funds for reputational reasons.

7. The BBA's expectations regarding LIBOR submissions, including, but not limited to, during periods where there was little or no interbank lending.

8. The BBA LIBOR definition and any guidance regarding the LIBOR submission process provided by the BBA to Panel Banks.

9. Any proposed changes or clarifications to the definition of LIBOR.

10. Any compliance or other corrective measures imposed on any Panel Banks by the BBA or through one of its agents.

11. The BBA's knowledge of and response to concerns regarding the accuracy of LIBOR.

### RIGHTS OF WITNESSES

Under §§ 13-15 of the Crime (International Co-operation) Act 2003, the rights of witnesses compelled to give evidence in the United Kingdom are governed, insofar as United Kingdom law is concerned, by paragraph 5 of Schedule 1 to the Act. This would include the witness being entitled to refuse to answer questions on the basis of legal professional privilege or the right against self-incrimination.

The same rights arise under the laws of the United States.

### SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED

The District Court respectfully requests, with respect to the oral testimony being sought:

1. that the appropriate Territorial Authority nominates a Court under § 15(1) to receive any evidence to which the request relates, which appears to that Court to be appropriate for the purpose of giving effect to the request;

2. that, in connection with the taking of testimony from the witness, the parties be permitted to refer the witness to documents previously produced or made available in the United States proceedings;

### REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST

The Court nominated under § 15 will be asked in due course to liaise with the following parties in order to identify a date for the deposition:

U.S. Department of Justice

Carol L. Sipperly
Alison L. Anderson
U.S. Department of Justice, Fraud Section
1400 New York Ave. NW, 3rd Floor
Washington, D.C. 20530
(202) 598-2929

carol.sipperly@usdoj.gov
alison.anderson@usdoj.gov

Michael T. Koenig
Christina J. Brown
U.S. Department of Justice, Antitrust Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 616-2165
michael.koenig@usdoj.gov
christina.brown@usdoj.gov

Defendants:

*Defendant Matthew Connolly*
Kenneth M. Breen
Phara A. Guberman
Jane H. Yoon
Amanda L. Pober
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
kennethbreen@paulhastings.com
pharaguberman@paulhastings.com
janeyoon@paulhastings.com
amandapober@paulhastings.com

*Defendant Gavin Campbell Black*
Seth L. Levine
Scott B. Klugman
Miriam L. Alinikoff
Levine Lee LLP
650 Fifth Ave., 13th Fl.
New York, New York 10019
(212) 223-4400
slevine@levinelee.com
sklugman@levinelee.com
malinikoff@levinelee.com

It is envisaged that counsel from the English Bar will be instructed to ask question of the witness on behalf of Defendants. Details of the time and date of the deposition at the nominated Court should therefore also please be canvassed with the lawyers in the United Kingdom representing Defendants' interests:

10

John Bramhall
Jonathan Brogden
DAC Beachcroft LLP
1 Minster Court
Mincing Lane, London EC3R 7AA
+44(0)20 7894 6290
07771 725 497
jbramhall@dacbeachcroft.com
jbrogden@dacbeachcroft.com

Simon Airey
Paul Hastings LLP
10 Bishops Square, Eighth Floor
London E1 6EG
+44(0)20 3023 5156
simonairey@paulhastings.com

Adrian Darbishire QC
QEB Hollis Whiteman
1-2 Laurence Pountney Hill
London EC4R 0EU
+44(0)20 7933 8855
ad@qebhw.co.uk

## RECIPROCITY

The District Court is authorized by 28 U.S.C. §§ 1781 and 1782 to extend similar assistance on request of the judicial authorities of the United Kingdom.

## ROLE OF THE SERIOUS FRAUD OFFICE

In accordance with the MLA Guidelines produced by the UKCA, please note that, as set out above, a number of LIBOR-related proceedings have been prosecuted by the SFO in the United Kingdom over the last few years. As a result, while the power exists under § 15(2) of the 2003 Act for the Territorial Authority to refer the execution of this request to the SFO, that would be inappropriate in this particular case. The Territorial Authority is therefore requested instead to nominate a Court for that purpose under § 15(1).

## MEDIA INTEREST

The MLA Guidelines mandate that any media interest in the case be highlighted in the Letter of Request. Please note that there has been extensive media coverage in relation to the LIBOR cases prosecuted to date in the United Kingdom and it is envisaged that this will continue.

DATE OF REQUEST:

[Seal]

SIGNATURE AND SEAL OF
THE REQUESTING AUTHORITY

July 10, 2018

BY: _____
The Honorable Colleen McMahon
Chief United States District Court Judge for
the Southern District of New York
Room 24A
United States Courthouse
500 Pearl St.
New York, NY 10007
United States of America

12