UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) 16-cr-370-CM |
| MATTHEW CONNOLLY AND GAVIN BLACK, | ) ) ) |
| *Defendants.* | ) ) |

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

The government respectfully requests the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.  The government requests the Court pursue more detailed questioning if a particular juror's answer reveals further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the government or the defendants.

A.  Introduction

1.  This is a criminal case.  The defendants, MATTHEW CONNOLLY and GAVIN BLACK, are charged with federal crimes in an indictment filed by a grand jury sitting in this district.  The indictment is not evidence.  It simply contains the charges the government is required to prove to the jury's satisfaction beyond a reasonable doubt.  I will now summarize the charges in this case in order to determine whether there is anything about the nature of this case or trial that may make it difficult or inappropriate for you to serve on the jury.

2.  The indictment contains a total of eleven counts.  You will hear much more about these charges in the coming days, but let me now provide you with a brief summary of the allegations in this case.

3.  Count One of the indictment charges that MATTHEW CONNOLLY and GAVIN BLACK conspired to violate the federal laws that make it unlawful to commit wire fraud and bank fraud.  More specifically, Count One charges that MATTHEW CONNOLLY and GAVIN BLACK joined in an agreement or undertaking to rig a benchmark interest rate called the London Interbank Offered Rate, otherwise known as LIBOR.  This count alleges that the defendants worked for a bank called Deutsche Bank, which had financial arrangements that stood to profit or lose money depending on the direction in which the LIBOR interest rate

moved. Counts Two, Three, Five, and Seven through Ten charge MATTHEW CONNOLLY with wire fraud for participating in a scheme to manipulate the LIIBOR rate that involved communications that traveled by wire. Similarly, Counts Four, Six, and Eleven charge GAVIN BLACK with wire fraud for participating in a scheme to manipulate the LIIBOR rate that involved communications that traveled by wire.

  4. Does any prospective juror have any personal knowledge of the charges in the indictment in this case? Have you read or heard anything about this case? If so, is there anything you have read or heard that would make you feel you cannot decide the fact issues of this case fairly and impartially?

  B. <u>Nature of the Charges</u>

  5. During the trial, you will hear evidence regarding the banking industry, and in particular, evidence about the trading of financial instruments called derivatives. Does the fact that the charges involve the banking industry and fraud alleged to have been committed in connection with the banking industry make it difficult for you to render a fair and impartial verdict?

  6. Have you ever worked at a financial institution or investment bank that traded derivative products? If so, will this experience affect your ability to be fair and impartial in this case?

  7. Is any member of your family employed by a broker-dealer, investment bank, or any other financial institution that trades derivatives? If so, will this affect your ability to be fair and impartial in this case?

  8. Have any of you ever worked at a company whose business was connected to LIBOR? If so, will this experience affect your ability to be fair and impartial in this case?

9.     Do any of you have any debt tied to LIBOR?  If so, will this affect your ability to be fair and impartial in this case?

C.     Knowledge of the Trial Participants

10.    As I have said, the defendants in this case are MATTHEW CONNOLLY and GAVIN BLACK.  Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend, or associate of the defendants?  To your knowledge, do your relatives, friends, associates, or employees know the defendants?

11.    Defendant MATTHEW CONNOLLY is represented in this case by Kenneth Breen, Phara Guberman, Jane Yoon, and Amanda Pober of Paul Hastings LLP [please ask them to stand].  Do you know any of these attorneys or have you had any dealings, either directly or indirectly, with them or anyone associated with their law firm?

12.    Defendant GAVIN BLACK is represented in this case by Seth Levine, Scott Klugman, Miriam Alinikoff, Ellen Sise, and Dylan Stern of Levine Lee LLP [please ask them to stand].  Do you know any of these attorneys or have you had any dealings, either directly or indirectly, with them or anyone associated with their law firm?

13.    The government is represented in this case by Department of Justice attorneys Carol Sipperly, Alison Anderson, and Michael Koenig [please ask them to stand].  With them is Michael McGillicuddy, a Special Agent with the Federal Bureau of Investigation (FBI) [please ask him to stand].  The government will be assisted by paralegals Aarathi Paramesh Menon and Kathryn Holbrook [please ask them to stand].  Do you know Ms. Sipperly, Ms. Anderson, Mr. Koenig, Agent McGillicuddy, Ms. Paramesh Menon, or Ms. Holbrook?

14.    A number of institutions may arise throughout this trial, including Deutsche Bank, Federal Home Loan Banks, Bank of New York Mellon and MBIA, Commerzbank, KeyBank,

Bank of America, Lehman Brothers, Morgan Stanley, Bear Stearns, Goldman Sachs, Wells Fargo, JP Morgan Chase, Wachovia, Citibank, Merrill Lynch, Natixis, RBC, Centauri, HSH Nordbank, WestLB AG, SMBC Capital Markets, and Rabobank.  Other than holding an account or a mortgage at one of these institutions, have you had any dealings, directly or indirectly, with any of these entities?  If so, is there anything about these dealings that would cause you to feel you cannot decide the fact issues of this case fairly and impartially?

15. Do you know or have you had any dealings, either directly or indirectly, with any of the following individuals who may be called as witnesses or whose names may come up during the trial?

[Read both the government's and defendants' witness lists.  The government will provide its witness list by September 10, as directed by the Court (ECF No. 286).]

D. Relationship with the Government

16. Do you know—or have any association (professional, business, or social, direct or indirect) with—any member of the U.S. Department of Justice or the FBI?  Are you or any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

17. Do you have any bias, prejudice, or other feelings for or against the U.S. Department of Justice or the FBI?

18. Have you or any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any officer, department, agency, or employee of the United States (including the FBI), or had any interest in any such legal action or dispute or its outcome?

19. Have you, or any member of your family, ever been or been employed by a criminal defense lawyer or private investigator?

E. <u>Witnesses</u>

20. The witnesses in this case may include law enforcement personnel, including special agents and forensic accountants of the FBI. Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer? Can you consider testimony from such witnesses fairly and impartially?

21. You may also hear testimony in this case from witnesses who have pleaded guilty to crimes and entered into cooperation agreements with the government. Can you consider testimony from such witnesses fairly and impartially?

F. <u>Experience as a Juror, Witness, Defendant, or Crime Victim/Other Questions</u>

For the next several questions, I am going to ask you not to respond until the end. After I have read all the questions, if the answer is "yes" to one or more of the questions, please raise your hand.

22. Have you ever served as a juror in a trial in any court? [If so, when and in which court did you serve, and was it a civil or criminal case? Without saying what it was, did the jury reach a verdict?]

23. Have you ever been a witness or complainant in any prosecution, state or federal?

24. Are you or any family member, to your knowledge, currently under subpoena or about to be subpoenaed in a criminal case?

25. Have you, or any member of your family, business associate, or close friend, ever been charged with a crime?

26. Have you, or any of your friends or relatives, ever been a victim of fraud?

27. Do you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

28. Are you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

29. Do you have any difficulty reading or understanding English in any degree?

30. The parties have estimated this trial will last approximately three weeks. Is there anything about the length of this trial that would make it an extreme hardship for you to serve as a juror?

    G.    <u>Function of the Court and Jury</u>

31. The function of the jury is to decide questions of fact. You are the sole judge of the facts, and nothing the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finders. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not each defendant is guilty as charged in the indictment, based upon the law as I give it to you. Does any prospective juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions I will give you in this case?

32. Do you understand that any possible punishment must not enter into your deliberations as to whether or not each defendant is guilty?

33. Do you understand that sympathy must not enter into the deliberations of jurors as to the guilt or innocence of the defendants, and you may use only the evidence produced here in Court to determine the defendants' guilt or innocence?

34. Do you believe that even if the evidence establishes guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

35. Do you have any religious, philosophical, or other belief that would make you unable to render a guilty verdict for reasons unrelated to the evidence?

36. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as I will explain it to you?

H.  Individual Questions for Each Prospective Juror

37. The government respectfully requests that the Court ask each prospective juror to state the following information:

    a.    the juror's occupation and educational background;

    b.    the name and general location of the juror's employer;

    c.    the period of employment with that employer;

    d.    the nature of the juror's work;

    e.    the same information concerning other employment within the last five years;

    f.    that same information with respect to the juror's parents, spouse, and any working children;

    g.    the area in which the juror resides and how long they have resided there; and

    h.  activities or hobbies the juror does in his or her free time.

  I.  <u>Requested Instructions Following Impaneling of the Jury</u>

  38.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial, you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

  39.  Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

  40.  I know that many of you use cell phones, Blackberries, the internet, and other tools of technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through email, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, Instagram, Snapchat, LinkedIn, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.[1]

---

[1] Adapted from Proposed Model Jury Instructions on The Use of Electronic Technology to Conduct Research on or Communicate about a Case, prepared by the Judicial Conference

41. If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing, about this case, whether it be in or out of this courthouse, you should immediately report this attempt to me.  In this regard, let me explain to you that the attorneys, their assistants, and the defendants in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so.  So if you should see any of them outside this courtroom they will, and should, ignore you.  Please do not think they are being rude or discourteous.  They will only be acting properly by doing so.

[The government requests the Court remind jurors of their duty not to talk with each other or communicate via social media before breaks and periodically throughout the trial.]

Respectfully submitted,

| | |
|---|---|
| SANDRA MOSER<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice | JAMES J. FREDRICKS<br>Acting Chief, Washington Criminal II Section<br>Antitrust Division<br>United States Department of Justice |
| /s/<br>CAROL L. SIPPERLY<br>Senior Litigation Counsel<br>ALISON L. ANDERSON<br>Trial Attorney<br>Criminal Division, Fraud Section<br>United States Department of Justice | /s/<br>MICHAEL T. KOENIG<br>CHRISTINA J. BROWN<br>Trial Attorneys<br>Antitrust Division<br>United States Department of Justice |

---

Committee on Court Administration and Case Management, June 2012 (replacing reference to "MySpace" with "Instagram" and "Snapchat").