

U.S. Department of Justice

Criminal Division

---

*Fraud Section*   *Christina J. Brown*
*(202) 598-8839*
*christina.brown@usdoj.gov*
*450 5th Street NW*
*Washington, D.C. 20530*

**VIA ECF**   September 29, 2018

Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   United States v. Connolly and Black, 16-CR-370 (CM)

Dear Chief Judge McMahon:

The government respectfully seeks to admit into evidence Government Exhibit 1-254, an audiotape of a February 5, 2010 telephone call between Defendant Black and co-conspirator Tim Parietti. Although the Court addressed this exhibit during the proceedings of September 27, 2018, the Court noted it did not understand "the government's connective reasoning." (Prelim. Tr. 1162:25-1163:1.) The government submits this letter to explain its reasoning and provide relevant case law.

In the audiotape, Defendant Black characterizes RBS's (Royal Bank of Scotland's) movement of its LIBOR submissions to suit its trading positions as "blatant":

> BLACK   No, exactly right. Yeah, and RBS are out there trying to offer Monday's fix at 25 ¼.
>
> PARIETTI   And they have been –
>
> [OVERLAY]
>
> BLACK   -- Which normally means they'll put their libor down
>
> PARIETTI   Yeah, exactly. Yeah.
>
> BLACK   *He's fairly blatant about offering the fixing, then moving his LIBOR up or down to suit—*

Government Exhibit 1-254TE at 1-2 (emphasis added). Defendant Black's description of this conduct—the same type of conduct with which he is charged—as "blatant" demonstrates his awareness that it is wrong. It should be admitted as an opposing party's statement pursuant to

Federal Rule of Evidence 801(d)(2)(A), and for the non-hearsay purpose of establishing his knowledge and intent pursuant to Federal Rule of Evidence 801(c)(2).

**The Statement Is Admissible as a Party Admission:**  It is well established that a party's "own statements [are] admissible as non-hearsay admissions regardless of whether such statements were against his interest when made." *United States v. Shulman*, 624 F.2d 384, 390 (2d Cir. 1980) (citing Fed. R. Evid. 801(d)(2)(A)); *see also United States v. Guang Ju Lin*, 505 Fed. Appx. 10, 13 (2d Cir. 2012) ("The question under Rule 801(d)(2)(A) is simply whether the District Court abused its discretion in finding that the statements were not hearsay because they were made by a party opponent and offered against the opposing party."); *United States v. Gotti*, 457 F. Supp. 2d. 395, 397 (S.D.N.Y. 2006) (Under Rule 801(d)(2)(A), a statement is not hearsay if "[t]he statement is offered against a party and is []the party's own statement.").

Here, Defendant Black's description of RBS's "blatant" conduct is his own statement, which the government seeks to offer against him—it thus falls squarely within the scope of Rule 801(d)(2)(A) and is not hearsay.  It is also highly relevant to his knowledge and intent, as it shows his understanding that moving LIBOR submissions to suit one's own trading positions is wrong.

The word "blatant," as commonly used, is indicative of bad behavior.  *See, e.g.*, English Oxford Dictionary, available at https://en.oxforddictionaries.com/definition/blatant (Sept. 29, 2018) (defining "blatant" as "1. (of bad behaviour) done openly and unashamedly"); Cambridge Dictionary, available at https://dictionary.cambridge.org/dictionary/english/blatant (Sept. 29, 2018) (defining "blatant" as "very obvious and intentional, when this is a bad thing").  Indeed, Mr. Parietti is expected to testify that this is what he understood Defendant Black to mean when he used the word "blatant."

That Defendant Black was referring to another bank's conduct makes his statement no less relevant.  His view of moving LIBOR submissions to suit one's own trades as blatant behavior indicates that, when he himself engaged in this behavior, he knew it was wrong.  And the timing of the statement, made in February 2010, makes it all the more relevant, as it shows Defendant Black regarded LIBOR movement based on trading positions as wrongful in the period LIBOR was under scrutiny and predating the point in 2013 when the defense claims such conduct was specifically prohibited.

**The Statement Is Not Offered for the Truth of the Matter Asserted:**  An out-of-court statement is also not hearsay where, as here, it is offered to prove something other than the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2).  Where, for example, "the statement is offered as circumstantial evidence of [the declarant's] state of mind" rather than for the truth of the matter asserted, it is not hearsay.  *United States v. Detrich*, 865 F.2d 17, 21 (2d Cir. 1988); *see also United States v. Dupree*, 706 F. 3d 131, 137-38 (2d Cir. 2013) (statement was not hearsay where offered to show the defendant knew he was acting wrongfully); *Gotti*, 457 F. Supp. 2d at 399 (statement was not hearsay where offered to show the defendant's understanding and intent).

As explained above, the government is not seeking to admit Defendant Black's statement for the truth of the matter asserted—*i.e.*, that an RBS trader offered a fixing and then moved his LIBOR submissions to suit that position. Rather, the government offers Defendant Black's characterization of moving LIBOR submissions to suit one's own trades as "blatant" to show his understanding of the wrongfulness of such behavior. The statement should be admitted for this non-hearsay purpose under Rule 801(c)(2), as well as a party admission under Rule 801(d)(2)(A).

Respectfully submitted,

/s/
CAROL L. SIPPERLY
Senior Litigation Counsel
ALISON L. ANDERSON
Trial Attorney
Criminal Division—Fraud Section
United States Department of Justice

MICHAEL T. KOENIG
CHRISTINA J. BROWN
Trial Attorneys
Antitrust Division
United States Department of Justice