

U.S. Department of Justice

Criminal Division

---

*Fraud Section*

*Michael T. Koenig*
*(202) 616-2165*
*Michael.Koenig@usdoj.gov*

*450 5th St, N.W.*
*Washington, D.C. 20001*

October 21, 2019

**VIA ECF AND HAND DELIVERY**

Chambers of the Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>United States v. Gavin Black, 16-CR-370</u>

Dear Chief Judge McMahon:

    In response to the Court's inquiry, Order (May 2, 2019), ECF No. 434, Defendant Black could serve a substantial portion of a prison sentence in the United Kingdom.

    Prisoner transfers are governed by treaty, statute, and provisions of the Code of Federal Regulations and administered by the International Prisoner Transfer Unit (IPTU) of the Department of Justice's Office of International Affairs (OIA)[1] within the Criminal Division.  To be eligible for transfer, Defendant Black would be need to satisfy six threshold criteria: (1) he must be a national of the United Kingdom; (2) the judgment must be final (i.e., no pending appeal or collateral attack of the conviction); (3) he must have at least 6 months remaining of his sentence at the time the application; (4) he must consent to the transfer; (5) the offense of conviction must also be an offense in the United Kingdom; and (6) both countries must consent to the transfer (meaning Defendant Black would also need to make a parallel application in the United Kingdom).  *See* Convention on the Transfer of Sentenced Persons art. 3, para. 1(a)-(f); 18 U.S.C. § 4100.

    The transfer process itself typically begins when an inmate arrives at the correctional facility and is assigned a case manager, who informs the inmate of the transfer program.  *See* 28 C.F.R. § 527.44.  The inmate then has 25 days to apply.  The case manager next prepares an application package which is transmitted to the Bureau of Prisons in Washington, DC (usually within 45 days) and then to IPTU, which makes a recommendation to OIA leadership for final

---

[1] Although the cited authorities refer to IPTU as a unit within the Office of Enforcement Operations, it has now been transferred to OIA.  *See* 83 FR 42774.

approval or denial. *See* 28 C.F.R. § 527.45; Criminal Resource Manual (CRM) at 734. OIA aims to make an approval or denial decision within 90 days, but could take longer if a large number of transfer requests are pending. In total, the process from application to OIA approval/denial is typically 4 months or somewhat longer.

In making an approval/denial decision, IPTU/OIA must determine the inmate's suitability for transfer by looking at the facts of the case and considering factors related to the likelihood of social rehabilitation including the likelihood that he will subsequently return to the United States; the law enforcement interests that are implicated by the transfer;[2] and the presence of any humanitarian concerns.[3] *See* CRM at 733. If OIA leadership approves, then the United Kingdom will be asked if it consents to the transfer and, if it does, a consent verification hearing will be held to ensure that Defendant Black consents to the transfer. Once the consent is given, arrangements will be made for the transfer. *See* 28 C.F.R. § 527.46.

Thus, an important consideration for the Court at sentencing is the length of incarceration. If the Court imposes a term of incarceration of 6 months or less, then transfer is not an option (absent extenuating circumstances likely not present here) because of the length of the process to approve and execute a transfer. If, on the other hand, the Court imposes a longer sentence, then transfer is possible (assuming he meets the other criteria and both OIA and the United Kingdom approve).

                                           Respectfully submitted,

                                           /s/ Michael T. Koenig
                                           _____
                                           MICHAEL T. KOENIG
                                           Trial Attorney
                                           United States Department of Justice

---

[2] To evaluate law enforcement concerns, IPTU/OIA consults with the prosecution team and investigating agency (here, FBI), as well as Immigration and Customs Enforcement. At present, the government believes it is premature to take a position on Defendant Black's suitability for transfer.

[3] To evaluate humanitarian concerns, IPTU/OIA reviews BOP medical records to determine if the inmate is receiving proper medical care. If he is, then humanitarian concerns are usually not a basis for transfer. Generally speaking, transfers for humanitarian concerns will only occur if the inmate has a terminal illness (such as stage 4 cancer) or if he is of advanced age and all his family resides in the transferee country.